NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **K.A. (maiden name) R.N.,** | Civ.No. 2:14-6001 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **ST. BARNABAS MEDICAL CENTER, BARNABAS HEALTH, SUN LIFE, XYZ CORPORATIONS 1-50 ficticious names.** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff K.A., who is proceeding *pro se*, brings this action against a number of defendants, seeking redress under ERISA and the common law. This matter comes before the Court on Defendant Sun Life Assurance Company of Canada's ("Sun Life") unopposed Rule 12(b)(6) motion to dismiss for failure to state a claim. For the reasons set forth below, Sun Life's motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff is a resident nurse employed as a Nurse Case Manager at St. Barnabas Medical Center. On August 26, 2014, she filed a five-count complaint in state court against Sun Life, St. Barnabas Medical Center, Barnabas Health, and a number of fictitious corporate entities whose names are currently unknown. *See* ECF No. 1. On September 25, 2014, Defendants St. Barnabas Medical Center and Barnabas Health ("the St. Barnabas Defendants") removed this case to federal court pursuant to 28 U.S.C. § 1441 on the basis that Plaintiff's Complaint contained an ERISA claim and therefore arose under federal law. (Notice of Removal at ¶ 5)

Because Sun Life is currently moving for dismissal of all claims against it, the Court will confine its background discussion to Plaintiff's allegations against Sun Life, which are

contained in Counts Three through Five of the Complaint.[1] Plaintiff alleges that Sun Life 'manages' her Long Term Disabilities Program ("the Plan"). (Complt. at 5) In Count Three of her Complaint, Plaintiff states that she made repeated requests to Sun Life and the St. Barnabas Defendants for a copy of the Plan. (*Id*. at 6) Despite these requests, Plaintiff alleges that she never received a copy of the Plan, in "violation of Federal, [sic] State laws, including but not limited to ERISA." (*Id*.) According to Plaintiff, this misconduct has rendered her "unable to plan for [her] retirement, and [has caused her to suffer] severe and permanent emotional distress." (*Id*.)

Additionally, Counts Four and Five incorporate Count Three, and appear to assert intentional and negligent inflection of emotional distress claims arising out of Sun Life's failure to provide a copy of the Plan. (*Id*.) In all three Counts against Sun Life, Plaintiff seeks judgment "for damages compensatory and punitive together with interests and costs of suit." (*Id*.)

## II.  MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

### A.  Preemption of State Law Claims

Sun Life Asserts that Plaintiff cannot maintain her state law claims because they are preempted by ERISA. The Court agrees. The Supreme Court has held that "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA included expansive pre-emption provisions, *see* ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 208 (2004) (internal quotation marks omitted). § 514(a) of ERISA provides, in relevant part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). State common law claims – including tort claims – may fall within the purview of § 514(a). *See e.g., Pilot Life Ins. Co. v. Deadeaux,* 481 U.S. 41, 48 (1987); *National Sec. Sys., Inc. v. Iola*, 700 F.3d 65 (3d Cir.

---

[1] The Complaint is largely comprised of allegations that the St. Barnabas Defendants engaged in unlawful conduct, causing Plaintiff injury. The St. Barnabas Defendants filed its Answer to the Complaint on October 16, 2014. *See* ECF No. 8.

2012). Moreover, state law claims are preempted by ERISA where they concern a fiduciary's duty to disclose plan information to beneficiaries pursuant to 29 U.S.C. § 1021. *See e.g., Phillips v. Amoco Oil Co.,* 799 F.2d 1464 (11th Cir. 1986)

Here, Plaintiff alleges that Defendants failed to provide her with the Plan in violation of ERISA and state law. (Complt. at 5) It is beyond dispute that her claim "relates" to an ERISA plan and is covered by the disclosure provisions set forth in 29 U.S.C. § 1021. Because these allegations fall squarely within ERISA's preemptive reach, they cannot form the basis of state law claims against Sun Life. [2] *See Metro. Life Ins. Co. v. Mass.,* 471 U.S. 724 (1985). Therefore, Plaintiff's state law claims against Sun Life in Counts Three through Five are **DISMISSED WITH PREJUDICE**.

### B. ERISA Claim Against Sun Life

The Motion to Dismiss further contends that Plaintiff's ERISA claim against Sun Life must be dismissed because Plaintiff has not pled sufficient facts demonstrating that Sun Life had a legal obligation under ERISA to provide a copy of the Plan. The Court agrees and will dismiss the ERISA claim against Sun Life. ERISA requires the Administrator of the Plan to deliver documents to participants. *See* 29 U.S.C. § 1021(a). Consistent with this requirement, only the Administrator can be held liable for failing to provide the Plan to Plaintiff. *See* 29 U.S.C. § 1132(c)(1)(B). Under ERISA, "Administrator" is defined as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002 (16)(A). Plaintiff has not pled any facts demonstrating that Sun Life is an Administrator under ERISA. Specifically, she has not alleged that Sun Life is her employer or Plan sponsor – to the contrary, she expressly states that she is employed by St. Barnabas Medical Center. Plaintiff has also asserted no facts indicating that the terms of the Plan or an applicable regulation has designated Sun Life as the Administrator. Therefore, Plaintiff's ERISA claim against Sun Life is **DISMISSED WITHOUT PREJUDICE.**

---

[2] It therefore follows that Plaintiff is not permitted to recover punitive and compensatory damages because they are not provided for by ERISA. *See e.g., DeFelice v. Aetna U.S. Healthcare,* 346 F.3d 442, 458 (3d Cir. 2003) ("a string of Supreme Court cases has interpreted ERISA to disallow any recovery of compensatory or punitive damages")

3

### III.     CONCLUSION

For the reasons stated above, the motion to dismiss is **GRANTED**.  An appropriate Order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 12, 2014**